**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **SUSAN ZOA WARD** <br> 928 Midland Avenue <br> York, Pennsylvania 17403 <br><br> Plaintiff, <br><br> v. <br><br> **MACK A. MONROE** <br> 305 39th Avenue NE <br> Center Point, Alabama 35215 <br><br> and <br><br> **TRANS-CARRIERS, INCORPORATED** <br> 5135 Lamar Avenue <br> Memphis, Tennessee 38118 <br> SERVE ON: James Mountjoy <br> 5135 Lamar Avenue <br> Memphis, Tennessee 38118 <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> **CASE NO.:** <br> * <br> * <br> * <br> * <br> **JURY TRIAL DEMANDED** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT**

Susan Zoa Ward (hereinafter "Plaintiff"), by and through her attorneys, Lauren M. Geisser and Gilman & Bedigian, LLC, hereby sues Mack A. Monroe (hereinafter "Defendant Monroe"), and Trans-Carriers, Incorporated (hereinafter "Defendant Trans-Carriers") and states as follows:

**FACTS COMMON TO ALL COUNTS**

1. That all events giving rise to this cause of action took place in Garrett County, Maryland.

2. That Defendant Monroe is a resident of the state of Alabama.

3. That Defendant Trans-Carriers is a business entity incorporated in the State of Tennessee.

4. That Plaintiff is a resident of the state of Pennsylvania.

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(2) because there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000. Defendant Monroe is a citizen of Alabama, and Defendant Trans-Carriers place of incorporation is in Tennessee. Plaintiff demands judgement for a sum in excess of $75,000.00, thus meeting the required amount in question for subject matter jurisdiction. This court also has personal jurisdiction over this action as the Defendants' conduct with the forum state resulted from purposeful conduct such that the Defendants could "reasonably anticipate being hailed into court there." World–Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

6. That on or about August 16, 2016, at approximately 12:42 a.m., Plaintiff was lawfully and carefully driving east in the right-hand lane of I-168 at or near Finzel Road, paying due care and regard for herself and others.

7. That at approximately the same time and place, a vehicle owned by Defendant Trans-Carriers, and operated by Defendant Monroe, was travelling in the left hand lane, attempting to pass the Plaintiff on the left side.

8. Suddenly and without notice, the vehicle owned by Defendant Trans-Carriers, and operated by Defendant Monroe, swerved into the lane in which the plaintiff was traveling, violently and forcefully striking her vehicle.

9. Defendants, as owners/drivers, owed a duty to Plaintiff.

## **COUNT I**
(Negligence – against Defendant Monroe)

10. That Plaintiff adopts by reference the allegations contained in paragraphs 1 through 9 and all other counts of this Complaint with the same effect as if herein fully set forth.

11. That Defendant Monroe was operating Defendant Trans-Carriers' vehicle in a negligent and careless manner by failing to exercise care and caution for the safety of others on a public highway; failed to maintain a proper lookout; failed to exercise care and caution to avoid a collision; failed to maintain proper control over the vehicle; failed to follow the Maryland Transportation Article; failed to obey a traffic control device; violated the Federal Motor Carrier Safety Regulations and the Commercial Driver's License Standards; and was otherwise negligent in causing this collision.

12. That as a proximate result of the negligence of the Defendant Monroe, Plaintiff was caused to be seriously, painfully and permanently injured about the body and limbs; to undergo medical care and treatment; to incur medical expenses; and to lose time from her employment and from her other daily pursuits.

13. That the Plaintiff further states that all of her injuries, damages, and losses complained of were caused directly by the negligence of Defendants, without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought and the Plaintiff, Susan Zoa Ward, claims damages in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

## COUNT II
(Negligent Entrustment – against Defendant Trans-Carriers, Inc.)

14. That Plaintiff adopts by reference the allegations contained in paragraphs 1 through 13 and all other counts of this Complaint with the same effect as if herein fully set forth.

15. That Defendant Trans-Carriers owned and supplied the vehicle to Defendant Monroe and owed a duty of care in the supplying of a vehicle.

16. That Defendant Trans-Carriers knew, or should have known, that Defendant Monroe had a propensity to operate vehicles in a negligent and unsafe manner, which likely would cause physical would damage to others.

17. That as a proximate result of the negligence of the Defendant Trans-Carriers, Plaintiff was caused to be seriously, painfully and permanently injured about the body and limbs; to undergo medical care and treatment; to incur medical expenses; and to lose time from her employment and from her other daily pursuits.

18. That the Plaintiff further states that all of her injuries, damages, and losses complained of were caused directly by the negligence of Defendants, without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought and the Plaintiff, Susan Zoa Ward, claims damages in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

## COUNT III
(Negligent Hiring of Defendant Monroe- against Defendant Trans-Carriers, Inc.)

19. Plaintiff adopts by reference the allegations contained in paragraphs 1 through 18 and all other counts of this Complaint with the same effect as if herein fully set forth.

20.     Defendant Trans-Carriers hired Defendant Monroe to be a truck driver for its commercial transport company which required Defendant Monroe to use a motor vehicle during his employment.

21.     Defendant Trans-Carriers had a duty to use reasonable care to select employees who were competent and fit to perform the duties required of the job, which included, *inter alia*, complying with and following the Federal Motor Carrier Safety Act Regulations.

22.     Defendant Monroe was incompetent and unable to perform the duties required at the time of hiring by Defendant Trans-Carriers.

23.     A reasonable and prudent employer would not have ignored Defendant Monroe's unfitness to perform the duties their employment entailed. Defendant Trans-Carriers knew, or should have known, of Defendant Monroe's incompetence and inability to perform the duties required during his transportation route and was not a safe responsible driver.

24.     Defendant Trans-Carriers owed a duty of reasonable care to Plaintiff to hire employees who were competent and fit to perform the duties required of them, and through hiring Defendant Monroe breached such duty.

25.     That as a proximate result of the negligence of the Defendant Trans-Carriers in hiring Defendant Monroe, Plaintiff was caused to be seriously, painfully and permanently injured about the body and limbs; to undergo medical care and treatment; to incur medical expenses; and to lose time from her employment and from her other daily pursuits.

WHEREFORE, this suit is brought and the Plaintiff, Susan Zoa Ward, claims damages in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

## COUNT IV
(Respondent Superior– against Defendant Trans-Carriers)

26. Plaintiff adopts by reference the allegations contained in paragraphs 1 through 25, and all other counts of this Complaint with the same effect as if herein fully set forth.

27. At all times relevant hereto Defendant Monroe was acting in the scope of his employment for Defendant Trans-Carriers and as a result any and all negligent acts of the Defendant Monroe are imputed to the Defendant Trans-Carriers due to vicarious liability.

28. As a result, Defendant Trans-Carriers is responsible for the negligent acts of Defendant Monroe pled herein.

WHEREFORE, this suit is brought and the Plaintiff, Susan Zoa Ward, claims damages in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

## COUNT V
(Negligent Training & Supervision- against Defendant Trans-Carriers)

29. Plaintiff adopts by reference the allegations contained in paragraphs 1 through 28 of this Complaint, and all other Counts of this Complaint, with the same effect as if herein fully set forth.

30. That upon information and belief, Defendant Trans-Carriers failed to properly train and supervise its employee, Defendant Monroe, who transported goods in interstate commerce as part of his employment duties and had a duty to do so.

31. That as a result of the lack of training and proper supervision, including pursuant to the Federal Motor Carrier Safety Act, Defendant Trans-Carriers was a proximate cause of this occurrence.

32. That as a proximate result of the negligence of the Defendants, including Defendant Trans-Carriers, Plaintiff was caused to be seriously, painfully and permanently injured about the body and limbs; to undergo medical care and treatment; to incur medical expenses; and to lose time from her employment and from her other daily pursuits.

33. The Plaintiff further states that all of her injuries, damages, and losses complained of were caused directly by the negligence of the Defendants, without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought and the Plaintiff, Susan Zoa Ward, claims damages against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

Respectfully submitted,

GILMAN & BEDIGIAN, L.L.C.

*/s/ Lauren M. Geisser*
Lauren M. Geisser (Bar ID 29190)
GILMAN & BEDIGIAN, L.L.C.
1954 Greenspring Drive, Suite 250
Timonium, Maryland 21093
(410) 560-4999
lgeisser@gblegalteam.com
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury on all issues herein.

*/s/ Lauren M. Geisser*
Lauren Geisser